NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOGINDRA SINGH,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

20-72846

Agency No.
A209-945-995

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Jogindra Singh ("Singh") seeks review of a Board of Immigration

Appeals ("BIA") decision affirming the denial of his untimely motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny

in part and dismiss in part the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

The court reviews the denial of a motion to reopen for an abuse of discretion. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under this standard, the court must affirm the agency's denial of reopening unless the decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). "Where, as here, the BIA issues a *Burbano* affirmance," the court reviews the decision of the Immigration Judge ("IJ") "as if it were the decision of the BIA." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) and referring to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)). The court also reviews "any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

1. The BIA did not err by declining to reopen based on lack of notice. A motion to reopen due to lack of notice may be filed at any time. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); *see Urbina-Osejo v. I.N.S.*, 124 F.3d 1314, 1316–17 (9th Cir. 1997). Singh argues that he was entitled to reopening because he did not receive notice of his removal hearing. But Singh failed to properly update his address after moving to different cities, which caused subsequent notices to be sent to his last known address rather than his current address. Singh was previously advised of the requirement that he keep the Immigration Court apprised of any address changes by

2

providing written notice. *See* 8 U.S.C. § 1229(a)(1)(F)(ii). Yet Singh failed to do so. Because of this failure, actual written notice at his new address was not required. *See Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003–04 (9th Cir. 2014). The Immigration Court was only required to mail the notice of hearing to the last address Singh provided, *see* 8 U.S.C. § 1229a(b)(5)(A) ("The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title."), and the agency permissibly concluded, on this record, that the Immigration Court had done so. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 671–75 (BIA 2008).

The BIA also did not err in holding that Singh improperly raised for the first time on appeal the argument that he did not know how to change his address with the Immigration Court. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion before a court may review a final order of removal). Although Singh contends that he did change his address at local Immigration and Customs Enforcement ("ICE") offices, notifying ICE of his new address is not the same as submitting the required written notice to the Immigration Court. 8 U.S.C. § 1229(a)(1)(F). For all these reasons, the agency did not err by declining to reopen the proceedings, and we deny the petition in this regard.

2. The agency also did not err by finding that no exceptional circumstances warranted reopening. Aside from Singh's motion being time-barred, as it was filed

3

more than nine months after the IJ's removal order, Singh does not establish exceptional circumstances that support reopening. To start, Singh was not misinformed about the date of his hearing when an ICE official provided a then-correct date for the hearing. *Cf. Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc). Nor does his argument that he lacked actual notice qualify as an exceptional circumstance. Indeed, any lack of notice is a result of Singh failing to satisfy his statutory obligation to update his address, which is not an exceptional circumstance. *See* 8 U.S.C. § 1229a(b)(5)(B), (e)(1). Thus, we likewise deny the petition in this respect.

3. The BIA also did not err by declining to reopen the removal proceedings sua sponte. The BIA maintains sua sponte authority to reopen proceedings when it is persuaded that a "situation is truly exceptional." *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (internal quotation marks and citation omitted). But even in an exceptional circumstance, the BIA is not required to take sua sponte action. *Id.* The BIA's decision on sua sponte reopening is thus unreviewable unless it was based on a "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). No such legal or constitutional error is evident in the record before us. We therefore lack jurisdiction to review the BIA's determination to not reopen sua sponte, and we dismiss the petition in this regard.

**PETITION DENIED IN PART AND DISMISSED IN PART.**